**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Luz Hellman, | ) | No. CV-06-1465-PHX-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Sheldon Weisberg, et al., | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it defendants' motion to file under seal (doc. 26), plaintiff's response (doc. 39), and defendants' reply (doc. 42). We also have before us defendants' motion to join plaintiff's spouse as a party (doc. 27), plaintiff's response (doc. 38), and defendants' reply (doc. 41); and plaintiff's motion for leave to file an amended complaint (doc. 36), and defendants' response (doc. 40). Plaintiff did not file a reply to this motion. Finally, we have defendants' motion to strike plaintiff's notice of supplemental authorities (doc. 44).

**I**

Plaintiff is a former judicial assistant to an Arizona Court of Appeals judge. She filed this action alleging that she was retaliated against in violation of her civil rights after she released two confidential court memoranda concerning another court employee's discrimination claim.

In their motion to file under seal (doc. 26), defendants ask the court to seal four exhibits attached to their motions for summary judgment.[1]  There is a strong presumption in favor of access to records filed in a judicial proceeding.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  The party seeking to seal a judicial record bears the burden of "offer[ing] a compelling reason to overcome the presumption in favor of access."  Id. at 1138.

Defendants contend that the exhibits are documents prepared by judges in the course of deliberations on rule or administrative matters, or contain confidential employee information, and are therefore unavailable to the public pursuant to Rule 123, Ariz. R. Sup. Ct.  While Rule 123 generally establishes a presumption in favor of public access to court documents, it also recognizes that because of "countervailing interests of confidentiality, privacy or the best interests of the state[,] public access to some court records may be restricted or expanded."  Ariz. R. Sup. Ct. 123(c)(1).  Therefore, Rule 123 exempts from presumptive disclosure certain employee records, pre-decisional documents, and attorney and judicial work product.  Id. at § 123(e)(1)-(11).

Defendants argue that because the four exhibits are excluded from public disclosure pursuant to Rule 123, they should be sealed in this court as well.  First, it is not at all clear that public access to the exhibits is precluded by Rule 123.  But even if it was, Rule 123 only provides an administrative mechanism for disclosure of judicial branch records pursuant to requests by members of the public; it does not purport to address the disclosure of records in a judicial proceeding.  Rule 123(a) acknowledges that the scope of the rule is limited to a public records request.  Rule 123(b) acknowledges that even "closed" or "confidential"

---

[1] Exhibit A is an affidavit by Judge Kessler, with two allegedly confidential memoranda attached that discuss underlying facts involved in the present action.  Exhibit L is an acknowledgment signed by plaintiff that she had read the court's personnel policies. Exhibit H is a recorded interview of plaintiff regarding her allegations of discrimination and retaliation. Exhibit N is a secretly recorded conversation between plaintiff, Judges Weisberg, Gemmill, and Kessler, involving the underlying facts in this case, as well as facts related to Pangerl v. Ehrlich, No. CV-06-1464 (D. Ariz. filed June 6, 2006).

- 2 -

records are subject to disclosure when "authorized by law." The sealing of records in federal court is determined by an analysis under Foltz.

We have conducted an in camera review of the exhibits and find no compelling reason to seal these documents. Much of the information is already in the public domain. That the exhibits relate to employment is insufficient standing alone to justify sealing. This entire case relates to plaintiff's employment. Broad brush reliance on Rule 123 to seal the entire case would no doubt violate Foltz.

We acknowledge that there may indeed be compelling reasons to exclude from disclosure certain court documents, such as memoranda between and among judges regarding their views on a case, a proposed rule, or an administrative agenda item of general applicability. But here we have only a case specific employment dispute. Accordingly, the defendants' motion to seal is denied (doc. 26). We note that our denial of the motion to seal the exhibits in no way addresses the propriety of plaintiff's disclosure of court documents. That is a quite separate issue that may well be informed by Rule 123, among other things.

**II**

In their motion to join plaintiff's husband as a party plaintiff (doc. 27), defendants assert that joinder is necessary to enable them to collect on a judgment for costs and attorney's fees against the marital community, if awarded. Under Arizona's community property law, either spouse may sue or be sued in matters involving his or her separate property without joinder of the other spouse. A.R.S. § 25-214(A). Here, plaintiff is only asserting claims for nominal damages, compensatory damages for pain and suffering, and punitive damages. Claims for personal injury are the separate property of the injured spouse. Jurek v. Jurek, 124 Ariz. 596, 598, 606 P.2d 812, 814 (1980). Because there is no community purpose underlying plaintiff's separate property claims, community property is not liable for attorney's fees and costs incurred in asserting those claims. See American Express v. Parmeter, 186 Ariz. 652, 654, 925 P.2d 1369, 1371 (Ct. App. 1996) (fees incurred in defending separate property claim did not benefit the community and thus is a separate

obligation). Therefore, we deny defendants' motion to join plaintiff's spouse as a party (doc. 27).

**III**

Lastly, plaintiff filed a motion to amend the complaint (doc. 36) in order to include a claim for constructive discharge. Defendants oppose the amendment on the ground of futility, asserting that plaintiff has not exhausted her administrative remedies by filing the constructive discharge claim with the EEOC, or appropriate state agency. Plaintiff does not respond to this argument.

On January 5, 2006, plaintiff filed a charge of discrimination with the EEOC claiming retaliation for engaging in protected activity. She did not resign until eight months later; therefore, the EEOC charge did not include a constructive discharge claim. Because plaintiff did not present a constructive discharge claim in her EEOC complaint, she has failed to exhaust her administrative remedies. Exhaustion is required as a prerequisite to suit. Therefore, plaintiff's motion to amend is denied on the basis of futility (doc. 36).

**IV**

**IT IS ORDERED DENYING** defendants' motion to seal (doc. 26).

**IT IS FURTHER ORDERED DENYING** defendants' motion to join plaintiff's spouse as a party (doc. 27).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for leave to amend (doc. 36).

**IT IS FURTHER ORDERED GRANTING** defendants' motion to strike plaintiff's notice of supplemental authorities (doc. 44).

DATED this 14th day of February, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge